JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dillon Sajudin and
Dino Sajudin

**DEFENDANTS**
Stroudsburg Area School District,
Colonial Intermediate Unit - 20,
Matthew Giovannini, Ryan Pysher,
Corey Nahf

**(b)** County of Residence of First Listed Plaintiff   Monroe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael H. Gaier, Esquire
Shaffer & Gaier, LLC
1628 JFK Blvd., Ste. 400
Philadelphia, Pa 19103   215-751-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
  Plaintiff
- ☑ 3   Federal Question
  *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government
  Defendant
- ❏ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☑ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 210 Land Condemnation | ☑ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. Section 1983
Brief description of cause:
Civil Rights - Personal Injury

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   4-14-21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*                             **B.**    *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts      ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA      ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury      ☐ 3. Assault, Defamation
☐ 4. Antitrust      ☐ 4. Marine Personal Injury
☐ 5. Patent      ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations      ☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Civil Rights      ☐ 7. Products Liability
☐ 8. Habeas Corpus      ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases      ☐ 9. All other Diversity Cases
☐ 10. Social Security Review Cases                           *(Please specify):* _____
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Dillon Sajudin and<br>Dino Sajudin | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
| Stroudsburg Area School District,<br>Colonial Intermediate Unit - 20,<br>Matthew Giovannini, Ryan Pysher,<br>Corey Nahf | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                   (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                      (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)


| 4-14-21 | _Ⱥ_ | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-751-0100 | 215-751-0723 | mhgaier@shaffergaier.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Dillon Sajudin and<br>Dino Sajudin | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | Civil Action No. |
| v. | ) ) | |
| Stroudsburg Area School District,<br>Colonial Intermediate Unit - 20,<br>Matthew Giovannini, Ryan Pysher,<br>Corey Nahf | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Stroudsburg Area School District
123 Linden Street
Stroudsburg, Pa  18360

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael H. Gaier, Esquire
Shaffer & Gaier, LLC
1628 JFK Blvd., Ste. 400
Philadelphia, Pa  19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|   |   |   |
|---|---|---|
| Dillon Sajudin and<br>Dino Sajudin | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Stroudsburg Area School District,<br>Colonial Intermediate Unit - 20,<br>Matthew Giovannini, Ryan Pysher,<br>Corey Nahf | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Colonial Intermediate Unit - 20
6 Danforth Drive
Easton, Pa 18045

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael H. Gaier, Esquire
Shaffer & Gaier, LLC
1628 JFK Blvd., Ste. 400
Philadelphia, Pa  19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                     *Server's signature*

                                          _____
                                                     *Printed name and title*


                                          _____
                                                     *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Dillon Sajudin and<br>Dino Sajudin | ) ) ) ) | |
| *Plaintiff(s)* | ) ) ) | Civil Action No. |
| v. | ) | |
| Stroudsburg Area School District,<br>Colonial Intermediate Unit - 20,<br>Matthew Giovannini, Ryan Pysher,<br>Corey Nahf | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Matthew Giovannini
1353 Jacobsburg Road
Wind Gap, Pa 18091

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael H. Gaier, Esquire
Shaffer & Gaier, LLC
1628 JFK Blvd., Ste. 400
Philadelphia, Pa  19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

| | |
|---|---|
| Dillon Sajudin and Dino Sajudin | ) ) ) ) |
| *Plaintiff(s)* | ) ) ) |
| v. | ) ) ) |
| Stroudsburg Area School District, Colonial Intermediate Unit - 20, Matthew Giovannini, Ryan Pysher, Corey Nahf | ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Ryan Pysher
> 1353 Jacobsburg Road
> Wind Gap, Pa 18091

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Michael H. Gaier, Esquire
> Shaffer & Gaier, LLC
> 1628 JFK Blvd., Ste. 400
> Philadelphia, Pa  19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| Dillon Sajudin and<br>Dino Sajudin | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Stroudsburg Area School District,<br>Colonial Intermediate Unit - 20,<br>Matthew Giovannini, Ryan Pysher,<br>Corey Nahf | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

      Corey Nahf
      1353 Jacobsburg Road
      Wind Gap, Pa 18091

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

      Michael H. Gaier, Esquire
      Shaffer & Gaier, LLC
      1628 JFK Blvd., Ste. 400
      Philadelphia, Pa  19103

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Dillon Sajudin** | : | |
| **1576 Cherry Lane Road** | : | **CIVIL ACTION** |
| **East Stroudsburg, Pa  18301** | : | |
| **        and** | : | |
| **Dino Sajudin** | : | |
| **1576 Cherry Lane Road** | : | |
| **East Stroudsburg, Pa  18301** | : | |
| **                Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | **NO.** |
| **Stroudsburg Area School District** | : | |
| **123 Linden Street** | : | |
| **Stroudsburg, Pa 18360** | : | |
| **        and** | : | |
| **Colonial Intermediate Unit – 20** | : | |
| **6 Danforth Drive** | : | |
| **Easton, Pa 18045** | : | |
| **        and** | : | |
| **Matthew Giovannini** | : | |
| **1353 Jacobsburg Road** | : | |
| **Wind Gap, Pa  18091** | : | |
| **        and** | : | |
| **Ryan Pysher** | : | |
| **1353 Jacobsburg Road** | : | |
| **Wind Gap, Pa  18091** | : | |
| **        and** | : | |
| **Corey Nahf** | : | |
| **1353 Jacobsburg Road** | : | |
| **Wind Gap, Pa 18091** | : | |
| **                Defendants** | : | |

## **COMPLAINT**

Plaintiffs, Dillon Sajudin and Dino Sajudin, by and through their attorneys, Michael H.

Gaier, Esquire and Michael D. Shaffer, Esquire, of Shaffer & Gaier, LLC, allege as follows:

## PARTIES

1.  Plaintiff, Dillon Sajudin (hereinafter "Dillon"), is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 1576 Cherry Lane Road, East Stroudsburg, Pa 18301.  Dillon's father is Plaintiff, Dino Sajudin.

2.  Plaintiff, Dino Sajudin (hereinafter "Dino"), is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 1576 Cherry Lane Road, East Stroudsburg, Pa 18301.  Dino Sajudin is Dillon's father.

3.  Defendant, Stroudsburg Area School District, is a municipal corporation or other public entity organized and existing under and by the virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at 123 Linden Street, Stroudsburg, Pa 18360.

4.  Defendant, Colonial Intermediate Unit 20 (hereinafter "CIU"), contracts with the Stroudsburg Area School District allegedly in an attempt to deliver important programs and services to children with special needs, with a principal place of business at 6 Danforth Drive, Easton, Pa  18045.

5.  The CIU is located at 1353 Jacobsburg Road, Wind Gap, Pa 18091 and served as the high school which Dillon was attending at the time of the within incident.

6.  Defendant, Matthew Giovannini, was/is an adult individual employed at Defendant, Colonial Intermediate Unit 20 school located at 1353 Jacobsburg Road, Wind Gap, Pa  18091.

7.  Defendant, Ryan Pysher, was/is an adult individual employed at Defendant, Colonial Intermediate Unit 20 school located at 1353 Jacobsburg Road, Wind Gap, Pa  18091.

8.  Defendant, Corey Nahf, was/is an adult individual employed at Defendant, Colonial Intermediate Unit 20 school located at 1353 Jacobsburg Road, Wind Gap, Pa  18091.

9.  At all times material hereto, the Defendants adopted and enforced rules and regulations

for the management of school affairs and the conduct, deportment and behavior of employees and students.

10. At all times material hereto, the Defendants acted by and through their agents, servants, workmen and/or employees.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b)(1) because Defendants reside and/or transact business in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b)(2) because the events or omissions giving rise to the claim occurred in this District.

## MATERIAL FACTS

14. Dillon Sajudin ("Dillon") was born on December 24, 2002 and is now 18 years old.

15. Dillon attended the Defendants' CIU High School for 9th and 10th grades, beginning in September 2018 and ending in June 2020.

16. Dillion is currently an 11th grade student at his local high school and is no longer a student at Defendants' school.

17. The facts giving rise to this lawsuit occurred on September 10, 2019, when Dillon was a Sophomore at CIU.

18. On September 10, 2019, Dillon's teacher requested that he stand in the hallway for a period of time.

19. After approximately 15 minutes of standing in the hallway, Dillon was approached by

Defendants, Matthew Giovannini, Ryan Pysher and Corey Nahf.

20. The combined weight of Defendants, Matthew Giovannini, Ryan Pysher and Corey Nahf exceeded 600 pounds.

21. At that time Dillon weighed approximately 170 pounds.

22. Defendants asserted that they wanted Dillon to get out of the hallway and go into the "Calming Room" of the school.

23. Then and there, Defendants forcibly restrained Dillon and used unnecessary and excessive force by dragging and pulling Dillon into the Calming Room thereby causing the bodily injuries and other damages as set forth below.

24. A videotape exists or existed of the entire time Dillon was in hallway as described herein; Defendants are and/or were in possession of said video and Plaintiffs' counsel requested a copy of said videotape, but Defendants will not release it until after the within lawsuit is filed.

25. When Dillon was in the Calming Room, the Defendants again used excessive force and committed an assault and battery upon Dillon by slamming him into the walls and furniture, thereby causing him to suffer severe injuries, including the need for shoulder surgery.

26. As a direct and proximate result of the intentional, reckless and wanton conduct of the Defendants, jointly and severally, as more fully set forth below, Dillon suffered harm including:

    a)    left shoulder injuries, including labral tear,

    b)    arm injury,

    c)    bruising,

    d)    scarring

    e)    anxiety

    f)    mental anguish,

g)     post-traumatic stress disorder,

h)     pain and suffering,

i)     future pain and suffering,

j)     loss of life's pleasures,

k)     past and future medical expenses, and

l)     such other ills and injuries set forth in the medical records, some of which will not be known until Dillon gets older and as this lawsuit continues.

27. At the time of the within incident, Dillon was a minor and therefore Plaintiff, Dino Sajudin, was responsible for payment of Dillon's medical expenses, all to his detriment and loss.

28. The force applied by the Defendants and the manner in which it was applied was sadistic, malicious and shocked the conscience, and it caused serious bodily injury and served no governmental interest.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS

29. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

30. Defendant, Stroudsburg Area School District, is a municipal entity that is subject to suit pursuant to 42 U.S.C. §1983.

31. Defendant, Colonial Intermediate Unit 20, is a municipal entity that is subject to suit pursuant to 42 U.S.C. §1983.

32. Defendant, Matthew Giovannini, was an employee working under the color of law for the above-named Defendants and is subject to suit pursuant to 42 U.S.C. §1983.

33. Defendant, Ryan Pysher, was an employee working under the color of law for the above-named Defendants and is subject to suit pursuant to 42 U.S.C. §1983.

34. Defendant, Corey Nahf, was an employee working under the color of law for the above named Defendants and is subject to suit pursuant to 42 U.S.C. §1983.

35. The Defendants' constitutional torts are not governed or limited in any way by 42 Pa. C.S. §8541, *et seq*. or 42 Pa. C.S. §8521, *et seq*.

36. Defendants violated Dillon's substantive due process right to bodily integrity and being free from personal harm which is secured by the Fourteenth Amendment to the Constitution of the United States.

37. At all times material hereto, Defendants, Stroudsburg Area School District and Colonial Intermediate Unit 20, are considered "persons" within the meaning of 42 U.S.C. §1983.

38. At all times material hereto, the Defendants acted under the color of state law by and through their agents, ostensible agents and/or employees, including other unnamed individuals whose identity may become known as this lawsuit advances.

39. The specific harm to which the Defendants exposed Dillon was foreseeable and direct in that they were fully aware that using excessive force to Dillon would result in harm to him as set forth above.

40. The conduct of the Defendants was sadistic, malicious, excessively violent and forceful and beyond the bounds of what was required under the circumstances.

41. The Defendants acted in willful disregard to the safety of Dillon when they used excessive force upon him as set forth above.

42. By using their authority as school officials, the Defendants affirmatively used their authority over Dillon in a way that created danger to him and caused the damage to him as set forth above.

43. Despite the Defendants' awareness of the risk of harm to Dillon as set forth above, the

Defendants, Stroudsburg Area School District and Colonial Intermediate Unit 20, allowed the Defendants, Matthew Giovannini, Ryan Pysher and Corey Nahf, to use excessive force in the manner set forth above.

44. The Defendants violated Plaintiffs' constitutional rights of liberty and bodily integrity.

45. The Defendants acted intentionally and with deliberate indifference to Plaintiffs' rights as set forth above.

46. The conduct of the Defendants as set forth above shocks the conscience because excessive force by public school officials was used upon Dillon, thereby causing injuries and damages as set forth above.

47. As a direct result of the actions of the Defendants as set forth above, Plaintiffs were caused to suffer the injuries as set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, Stroudsburg Area School District and Colonial Intermediate Unit 20, Matthew Giovannini, Ryan Pysher and Corey Nahf, jointly and severally, for compensatory damages, together with attorney fees and costs, and pre- and post-judgment interest.  Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of Plaintiffs' claim is in excess of $150,000.00 exclusive of interest and costs, and that Plaintiffs' claims allege a violation of rights secured by the U.S. Constitution.

## COUNT II – ASSAULT
## PLAINTIFFS V. DEFENDANT MATTHEW GIOVANNINI

48. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

49. At all times material hereto, Defendant Matthew Giovannini, intended to put Dillon in reasonable apprehension of immediate harm and/or offensive touching as set forth above.

50. Defendant, Matthew Giovannini's, conduct herein resulted in an assault upon Dillon and caused him injuries and damages as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for punitive and compensatory damages, in an amount in excess of $150,000.00.

### COUNT III – ASSAULT
### PLAINTIFFS V. DEFENDANT RYAN PYSHER

51. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

52. At all times material hereto, Defendant, Ryan Pysher, intended to put Dillon in reasonable apprehension of immediate harm and/or offensive touching as set forth above.

53. Defendant, Ryan Pysher's, conduct herein resulted in an assault upon Dillon and caused him injuries and damages as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for punitive and compensatory damages, in an amount in excess of $150,000.00.

### COUNT IV – ASSAULT
### PLAINTIFFS V. DEFENDANT COREY NAHF

54. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

55. At all times material hereto, Defendant, Corey Nahf, intended to put Dillon in reasonable apprehension of immediate harm and/or offensive touching as set forth above.

56. Defendant, Corey Nahf's, conduct herein resulted in an assault upon Dillon and caused him injuries and damages as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for punitive and compensatory damages, in an amount in excess of $150,000.00.

## COUNT V – BATTERY
### PLAINTIFFS V. DEFENDANT MATTHEW GIOVANNINI

57. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

58. At all times material hereto, Defendant, Matthew Giovannini, touched Dillon in a harmful and offensive way which caused Dillon to suffer the injuries and damages as set forth above, all to his detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for punitive and compensatory damages, in an amount in excess of $150,000.00.

## COUNT VI – BATTERY
### PLAINTIFFS V. DEFENDANT RYAN PYSHER

59. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

60. At all times material hereto, Defendant, Ryan Pysher, touched Dillon in a harmful and offensive way which caused Dillon to suffer the injuries and damages as set forth above, all to his detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for punitive and compensatory damages, in an amount in excess of $150,000.00.

## COUNT VII – BATTERY
### PLAINTIFFS V. DEFENDANT COREY NAHF

61. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

62. At all times material hereto, Defendant, Corey Nahf, touched Dillon in a harmful and offensive way which caused Dillon to suffer the injuries and damages as set forth above, all to his detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for punitive and compensatory damages, in an amount in excess of $150,000.00.

## COUNT VIII – NEGLIGENCE
## PLAINTIFFS V. DEFENDANT MATTHEW GIOVANNINI

63. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

64. At all times material hereto, Defendant, Matthew Giovannini, owed a duty of care to Dillon so as to not cause him bodily harm or any of the other injuries and damages as set forth above.

65. Defendant, Matthew Giovannini's, conduct as set forth above breached his duty of care to Dillon.

66. The aforesaid breach and conduct of the Defendant, Matthew Giovannini, proximately caused Dillon to suffer the injuries and damages as set forth above, all to his detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, in an amount in excess of $150,000.00.

## COUNT IX – NEGLIGENCE
## PLAINTIFFS V. DEFENDANT RYAN PYSHER

67. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

68. At all times material hereto, Defendant, Ryan Pysher, owed a duty of care to Dillon so as to not cause him bodily harm or any of the other injuries and damages as set forth above.

69. Defendant, Ryan Pysher's, conduct as set forth above breached his duty of care to Dillon.

70. The aforesaid breach and conduct of the Defendant, Ryan Pysher, proximately caused Dillon to suffer the injuries and damages as set forth above, all to his detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, in an amount in excess of $150,000.00.

### COUNT X – NEGLIGENCE
### PLAINTIFFS V. DEFENDANT COREY NAHF

71. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

72. At all times material hereto, Defendant, Corey Nahf, owed a duty of care to Dillon so as to not cause him bodily harm or any of the other injuries and damages as set forth above.

73. Defendant, Corey Nahf, conduct as set forth above breached his duty of care to Dillon.

74. The aforesaid breach and conduct of the Defendant, Corey Nahf, proximately caused Dillon to suffer the injuries and damages as set forth above, all to his detriment and loss.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, in an amount in excess of $150,000.00.

### CLAIM FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against all Defendants for damages to be determined at trial and for all other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

**SHAFFER & GAIER, LLC**

BY: _____
       MICHAEL H. GAIER, ESQUIRE
       Identification No. 50210
       1628 JFK Blvd., Ste. 400
       Philadelphia, Pa  19103
       (215) 751-0100
       mhgaier@shaffergaier.com
       Attorney for Plaintiffs

Date: 4-14-21 _____

## V E R I F I C A T I O N

I hereby state that the facts set forth are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities.