## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DILLON SAJUDIN, et al., : 
: 
Plaintiffs, : 
: 
: CIVIL ACTION
v. : 
: 
STROUDSBURG AREA SCHOOL : 
DISTRICT, et al., : No. 21-cv-01743-RAL
: 
Defendants. : 
:

### MEMORANDUM OPINION

**Richard A. Lloret**                                                  **March 23, 2022**
**U.S. Magistrate Judge**

### I.    Introduction and Procedural History

On March 2, 2022, I granted in part and denied in part Defendants' motion for summary judgment. Doc. No. 19. On March 16, 2022, Defendants Matthew Giovannini, Corey Nahf, and Ryan Pysher filed a formal objection to my denial of their motion for summary judgment as to Plaintiffs' deprivation of civil rights claim.[1] Doc. No. 23. For the reasons set forth below, I will deny Defendants' motion for reconsideration.

### II.    Standard of Review

"The United States Court of Appeals for the Third Circuit has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin,* 869 F. Supp. 320, 321 (E.D. Pa. 1994) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal

---

[1] Defendants filed their motion as a "written statement of objections pursuant to Local Rule 72.1 (IV)(a). Doc. No. 23. However, the cited rule only applies when a case is referred by a district judge to a magistrate judge pursuant to 28 U.S.C. § 636(b). Here, the parties consented to my jurisdiction over the entirety of the case pursuant to 28 U.S.C. § 636(c). *See* Doc. No. 10, 15. In the interest of fairness to the parties, I will nevertheless construe this motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e)(1) and Local Civil Rule 7.1(g).

quotation omitted). Accordingly, a district court will only grant a party's motion for reconsideration in one of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Id.*

Motions for reconsideration should be granted sparingly—"[t]he parties are not free to relitigate issues the court has already decided." *Rottmund v. Cont'l Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D. Pa. 1992) (quoting *Johnson v. Twp. of Bensalem*, 609 F.Supp. 1340, 1342 (E.D. Pa. 1985)) (internal quotation omitted). Stated another way, dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa. 1993); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (a motion for reconsideration may not be used to give a litigant a "second bite at the apple"). A motion for reconsideration may only address "'factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Jarzyna v. Home Properties*, *L.P.*, 185 F.Supp.3d 612, 622 (E.D. Pa. 2016) (citing *Glendon Energy Co.*, 836 F. Supp. at 1122).

### III.   Discussion

In moving for reconsideration, the Defendants argue that I committed a clear error of law by declaring that whether a school official's conduct shocks the conscience such that qualified immunity is waived is a question of fact rather than a question of law. *See* Doc. No. 23, at 6-13. There are two major issues with this claim. First and foremost, the law is not sufficiently clear as to whether determining that conduct "shocks the conscience" is a question of fact or law. *See, e.g.*, *Stein v. City of Philadelphia*, 994 F. Supp. 2d 660, 662 (E.D. Pa. 2014) (Ditter, J.) (citing *Benn v.

*Universal Health Sys., Inc.,* 371 F.3d 165, 174 (3d Cir. 2004) ("Whether the government's conduct shocks the conscience is a question of law for the Court to decide."); *but see, e.g.*, *MG ex rel. LG v. Caldwell-W. Caldwell Bd. of Educ.*, 804 F. Supp. 2d 305, 317 (D.N.J. 2011) ("In examining [the *Gottlieb*] factors and the proofs at hand, the Court concludes that no reasonable jury could find that the restraints used on MG shock the conscience."); *Beard v. Borough of Duncansville*, 652 F. Supp. 2d 611, 625 (W.D. Pa. 2009) ("[W]hether the actions of the Borough actually meet the 'shocks the conscience' test is a question for a jury."). Given the divergence in the caselaw, my statement on this matter does not constitute a clear error of law subject to reconsideration.

Regardless of whether the determination that conduct shocks the conscience is a question of fact or law, Defendants' claim disregards the ongoing material factual dispute in this case. The two sides present vastly differing accounts of the encounter between Dillon Sajudin and the Defendant school personnel, meaning that resolution of related matters is inappropriate on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a material factual dispute on a motion for summary judgment is one which "might affect the outcome of the suit under the governing law"). Accordingly, either the jury or I would need to hear from the witnesses and evaluate their credibility before determining whether Defendants' conduct shocks the conscience. *See Rivas v. City of Passaic*, 365 F.3d 181, 196 (3d Cir. 2004) ("A jury could find, depending on whose testimony it credits, that such conduct shocks the conscience."); *Eastman v. Smith*, No. CV 19-577, 2019 WL 5102818, at *4 (W.D. Pa. Oct. 11, 2019) (finding it necessary to determine whether conduct shocks the conscience as a matter of law "based on a fully developed factual record"). Besides, when considering motions for

3

summary judgment in qualified immunity cases, courts generally must view the facts in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). If Plaintiffs' recitation of facts is proven true, the trier of fact – whether me or a jury – might well conclude that Dillon Sajudin's serious shoulder injury at the hands of school personnel has no pedagogical justification. The trier of fact might also conclude that the school personnel did not act in good faith, or that the force used was excessive. *See Gottlieb ex rel. Calabria v. Laurel Highland Sch. Dist.*, 272 F.3d 168, 173 (3d Cir. 2001). The factual record must be further developed before either the jury or I can rule on whether Defendants' conduct shocks the conscience.

## IV.    Conclusion

For the reasons described, I will deny Defendants' motion for reconsideration of my order denying summary judgment in favor of Defendants on Plaintiffs' deprivation of civil rights claim.


**BY THE COURT:**


*s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**